1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# SOUTHERN DISTRICT OF CALIFORNIA

10

11  | VINH V. LE,

12  |             Plaintiff,

13  |   vs.

JO ANNE B. BARNHART,

14  |             Defendant.

CASE NO. 05CV2030 WQH (RBB)

ORDER ADOPTING REPORT AND
RECOMMENDATION

15
16  HAYES, Judge:

17         Pending before the Court is the Report and Recommendation (Doc. # 18) of United States

18  Magistrate Judge Ruben B. Brooks, filed on December 15, 2006, recommending that the Court deny

19  Plaintiff's motion for summary judgment (Doc. # 8) and grant Defendant's motion for summary

20  judgment (Doc. # 10).

21                              **BACKGROUND**

22         In November and December of 2003, Plaintiff filed applications for Disability Insurance

23  Benefits and Social Security Income with the Commissioner of Social Security based upon chronic

24  skin rash, headaches, tuberculosis, arthritis, post traumatic stress disorder, depression, lung disease,

25  lung lesion, insomnia, degenerative disc disease, neck and back pain, and other ailments.  The

26  Commissioner denied benefits initially and on reconsideration, and Plaintiff requested a hearing before

27  an Administrative Law Judge (ALJ).  On June 24, 2005, and after a hearing to assess Plaintiff's

28  benefits applications,  ALJ James S. Carletti denied Plaintiff's applications for Disability Insurance

1  Benefits and Social Security Income.  Plaintiff appealed the ALJ's decision to the Appeals Council,

2  and on September 28, 2005, the Appeals Council affirmed the decision of the ALJ.

3        On October 27, 2005, Plaintiff filed the instant action for review of the ALJ's decision.  (Doc.

4  # 1).  On February 10, 2006, Plaintiff moved for summary judgment (Doc. # 8), and on March 13,

5  2006, Defendant filed a cross motion for summary judgment.  (Doc. # 10).  On December 15, 2006,

6  the Magistrate Judge issued a Report and Recommendation (Doc. # 18) recommending that the Court

7  deny Plaintiff's motion for summary judgment and grant Defendant's motion for summary judgment.

8  **STANDARD OF REVIEW & DISCUSSION**

9        The duties of the district court in connection with the Report and Recommendation of a

10  Magistrate Judge are set forth in FED. R. CIV. P. 72(b) and 28 U.S.C. § 636(b).  The district judge

11  "must make a de novo determination of those portions of the report . . . to which objection is made,"

12  and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the

13  magistrate." 28 U.S.C. § 636(b).  The ALJ's decision denying benefits "will be disturbed only if that

14  decision is not supported by substantial evidence or it is based upon legal error." *Tidwell v. Apfel*, 161

15  F.3d 599, 601 (9th Cir. 1999).  "Substantial evidence is more than a mere scintilla but less than a

16  preponderance." *Id*.

17        After a de novo review of the Report and Recommendation's findings of fact and conclusions

18  of law, particularly with respect to the ALJ and Magistrate Judge's consideration of x-rays and the

19  reports of the treating and examining physicians, the Court adopts the Report and Recommendation

20  it its entirety.  The Report and Recommendation correctly applied the law to the facts of this appeal,

21  and correctly concluded that the ALJ provided specific and legitimate reasons for assigning little

22  weight to the reports of certain treating physicians.  (Report and Recommendation at 32-52).  Indeed,

23  the Report and Recommendation analyzed extensively the ALJ's reasons for affording the opinions

24  of certain doctors little weight, and correctly concluded that those opinions were "conclusory, brief,

25  and unsupported by the record as a whole, or by objective medical findings . . . ." *Batson v. Comm'r*

26  *of Social Security*, 359 F.3d 1190, 1195 (9th Cir. 2004).  Finally, the Magistrate Judge correctly

27  concluded that the ALJ's decision is supported by substantial evidence.

28        The Court thoroughly considered the objections to the Report and Recommendation, and finds

1    them to be without merit.  Contrary to the assertions contained in Plaintiff's objections, both the

2    Magistrate Judge and the ALJ considered the x-ray evidence (A.R. at 19, 20, 23) (Report and

3    Recommendation at 5, 8, 49, 60), and further, it is evident that Dr. Manolakas evaluated the x-rays

4    as part of his analysis of Plaintiff's ailments.  (A.R. at 262).  The objections further contend that Dr.

5    Zappone should have been designated as a treating physician by the ALJ (Objections at 9), however,

6    the Report and Recommendation clearly demarks Dr. Zappone a treating physician, and the Report

7    and Recommendation correctly concluded that the "ALJ gave sufficient specific and legitimate

8    reasons for giving" Dr. Zappone's opinion minimal weight.  (Report and Recommendation at 13-14,

9    41-47).  Finally, Plaintiff claims that he cannot return to his past work because he cannot drive.

10   (Objections 8-9).  The vocational expert, however, concluded that Plaintiff could return to his past

11   work as a newspaper delivery man (A.R. at 355), and the Magistrate Judge properly rejected Plaintiff's

12   subjective complaints related to his ability to drive based upon the record as a whole.  (Report and

13   Recommendation at 72-74).

14          Plaintiff attached to the objections a one-page medical report from Dr. Sidrick to support his

15   assertion that he is unable to drive.  That document, however, appears to be new evidence, and the

16   objections do not indicate why the report was not submitted to the ALJ during the administrative

17   proceedings in 2005.  As Plaintiff's objections neither address nor establish good cause for Plaintiff's

18   failure to submit the report to the ALJ during the administrative proceedings, and as the single-page

19   report does not have a reasonable probability for changing the outcome of this case, the Court

20   concludes that the report does not warrant consideration on remand. *Cotton v. Bowen*, 799 F.2d 1403,

21   1409 (9th Cir. 1986).

22          "When presented with conflicting medical opinions, the ALJ must determine credibility and

23   resolve the conflict."  *Batson*, 359 F.3d at 1195, *citing Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th

24   Cir. 1992).  Here, and consistent with the conclusions of the Report and Recommendation, the ALJ

25   correctly and fairly evaluated the evidence and provided specific and legitimate reasons for affording

26   less weight to the opinions of certain treating physicians.  The ALJ also provided clear and convincing

27   evidence for rejecting Plaintiff's allegations related to the nature, severity, and functionally limiting

28   effects of his impairments and symptoms, including that the record did not contain reports consistent

1  with the Plaintiff's allegations. (A.R. 56-60). Accordingly, and because "[w]hen evidence reasonably

2  supports either confirming or reversing the ALJ's decision, [the court] may not substitute [its]

3  judgment for that of the ALJ," *Batson*, 359 F.3d at 1196, the Court Adopts the Report and

4  Recommendation in its entirety.

5                                          **CONCLUSION**

6              IT IS HEREBY ORDERED that: (1) the Court adopts the Report and Recommendation (Doc.

7  # 18) filed on December 15, 2006, in its entirety; (2) Plaintiff's motion for summary judgment (Doc.

8  # 8) is DENIED; and (3) Defendant's cross-motion for summary judgment (Doc. # 10) is GRANTED.

9  The Clerk of the Court shall enter judgment in favor of Defendant and against Plaintiff.

10  DATED:  March 22, 2007

11                                          **WILLIAM Q. HAYES**

12                                          United States District Judge

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28